```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| KEITH BURGESS,<br><br>**Plaintiff**<br><br>v.<br><br>RICHARD DIPIETRO and 54 LUISA, LLC,<br><br>**Defendants** | **CIVIL NO.** 24-1240 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff's *Motion to Remand*. (Docket No. 10). Having reviewed the record and applicable law, the Court hereby **REMANDS** this lawsuit to the Puerto Rico Court of First Instance, San Juan Superior Part.

#### I. BACKGROUND

On April 9, 2024, Plaintiff Keith Burgess ("Plaintiff" or "Burgess") filed a *Complaint* in the Puerto Rico Court of First Instance against Richard DiPietro ("DiPietro" of "Defendant") and 54 Luisa, LLC ("54 Luisa" or the "Company"). (Docket No. 8-1). Plaintiff avers that he and DiPietro are members of 54 Luisa LLC and that they each hold a fifty percent stake each in the Company. Id. ¶ 5. Plaintiff further avers that he and DiPietro have irreconcilable differences regarding the proper management and

operation of 54 Luisa and that DiPietro's actions are negatively impacting the Company. Id. ¶¶ 7-18. Accordingly, Plaintiff seeks the judicial dissolution of 54 Luisa pursuant to the Puerto Rico General Corporations Act; declaratory judgment; and fees for DiPietro's alleged recklessness. Id. ¶¶ 19-35.

DiPietro filed a *Notice of Removal* on May 28, 2024. (Docket No. 1).[1] Therein, DiPietro alleges that the Court has subject-matter jurisdiction over the present litigation because (a) he and Plaintiff are citizens of different states, and (b) 54 Luisa is a nominal party whose citizenship should be disregarded to determine diversity. Id. ¶ 11.

On June 26, 2024, Plaintiff filed a *Motion for Remand*. (Docket No. 10). Plaintiff contends that the *Notice of Removal* has procedural defects and that 54 Luisa is not a nominal party, thereby defeating complete diversity and depriving the Court of jurisdiction. Id. ¶¶ 23, 29-43.

DiPietro filed an *Opposition* reiterating his position that "54 Luisa does not have a real interest in the controversy because the only action relevant to 54 Luisa is COUNT I [the request for

---

[1] Plaintiff claims in passing that the *Notice of Removal* was untimely. (Docket No. 10 ¶ 8). The record reflects that DiPietro waived service of summons on April 26, 2024. (Docket No. 8-2 at 7). Thus the 30-day requirement established in 28 U.S.C. § 1446 to file his removal elapsed on May 26, 2024. However, this day was a Sunday and Monday May 27, 2024 was a legal holiday (*i.e.*, Memorial Day). Fed. R. Civ. P. 6 (a)(1)(C) provides that "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." DiPietro filed his *Notice of Removal* on May 28, 2024, or the next day that was not a Sunday or legal holiday. Therefore, the request for removal was timely.

dissolution] of the *Complaint* and the rest of the *Complaint* is related to alleged disputes between Plaintiff and DiPietro." (Docket No. 20 at 7). The *Opposition* also asserts that DiPietro adequately notified the *Notice of Removal* as required by 28 U.S.C. § 1446(d). Lastly, Burgess filed a *Reply* arguing that 54 Luisa is not merely a nominal party, as it is being directly harmed by DiPietro's actions. (Docket No. 29).

## II. APPLICABLE LAW

### A. The Legal Standard of Removal

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).

If the propriety of a removal petition is questioned, "**the removing party bears the burden of showing that removal is proper**." Id. (citing Danca v. Priv. Health Care Sys., 185 F.3d 1, 4 (1st

Cir. 1999)) (emphasis added). The First Circuit has held that, due to this burden and the federalism concerns that arise when considering removal jurisdiction, "ambiguity as to the source of the law . . . ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004); *see also* Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chem. Yabucoa, Inc., 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.").

**B. The Existence of Complete Diversity**

Federal district courts have original jurisdiction over civil actions involving controversies between citizens of different states. *See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332. Pursuant to the federal removal statute, the diversity of citizenship between the parties "must be complete; that is, no plaintiff may be a citizen of the same state as any defendant." BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023) (citations omitted). Therefore, "[i]n cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citations omitted).

However, there are exceptions to this rule. "Early in its history, [the Supreme Court] established that the 'citizens' upon

whose diversity a plaintiff grounds jurisdiction **must be real and substantial parties to the controversy**." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980) (citing McNutt v. Bland, 43 U.S. 27(1844)) (emphasis added). Federal courts must therefore "**disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy**." Id. at 461. (citations omitted) (emphasis added). Accordingly, "nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction," nor defeat diversity jurisdiction. Wood v. Davis, 59 U.S. 467, 469, (1855).

### C. The Citizenship of the Parties

"Key to establishing diversity jurisdiction are the citizenships of the parties before the court." BRT Mgmt. LLC, 68 F.4th at 695. For purposes of diversity, "[n]atural persons are citizens of the state in which they are domiciled." Id. An individual's domicile "is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (quotation omitted). As for legal entities, "the relevant citizenship for diversity purposes is generally the citizenship of the entity's members." BRT Mgmt. LLC, 68 F.4th at 695-96 (citing Aponte-Dávila v. Mun. of Caguas, 828 F.3d 40, 46 (1st Cir. 2016); Americold

Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016)). Accordingly, "the citizenship of a limited liability company is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

### III. DISCUSSION

It is uncontested that Plaintiff's *Complaint* raises claims **exclusively** under Puerto Rico law. Pursuant to the well-pleaded complaint rule, Plaintiff's claims are not considered to have arisen under federal law and thus cannot be removed unless there exists an additional independent basis for federal jurisdiction, such as diversity jurisdiction, or the subject matter of the complaint is preempted by federal law. *See* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) ("The ordinary rule is that the plaintiff is master of his complaint and that a case cannot be removed if the complaint's allegations are premised only on local law.").

DiPietro argues that diversity jurisdiction exists in this case. (Docket No. 1). The allegations in the *Complaint* regarding Burgess and DiPietro only reference the addresses of the individuals. Specifically, the *Complaint* filed in the Puerto Rico Court of First Instance provides that Burgess' address is 5703 Wyngate Drive, Bethesda, MD 20817 whereas DiPietro's address is 53 Bryant St. NW, Washington, DC 20001. (Docket No. 8-1 ¶¶ 1-2). It

is unclear whether this is each party's physical address (i.e. residence) or mailing address. Even assuming the addresses provided are actually each party's residence, this is insufficient to establish domicile. As the First Circuit has explained, "citizenship or domicile, not residence, is the basis of subject matter jurisdiction. While a person may have more than one residence, he can only have one domicile." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 53 (1st Cir. 1992).

However, in this case it is DiPietro, as the "party who invokes diversity jurisdiction [that] bears the burden of demonstrating complete diversity by a preponderance of the evidence." Alers v. Barceló, 152 F. Supp. 3d 59, 64 (D.P.R. 2016) (citing Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995); Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004)). In his *Notice of Removal*, DiPietro merely repeats the allegations contained in the *Complaint*, providing:

> 8. Plaintiff alleges being a person of legal age whose address is 57093 Wyngate Drive, Bethesda, MD 20817. See, Exhibit A, at ¶ 1. Therefore, per the allegations in the Complaint, Plaintiff is a citizen of the State of Maryland.
>
> 9. DiPietro, a named defendant in the Complaint, is a person of legal age whose address is 53 Bryant St., NW, Washington DC 20001. Id. at ¶ 2. Thus, as per the allegations in the Complaint, DiPietro is a citizen of Washington, DC.

(Docket No. 1 ¶¶ 8-9).

As noted above, a person's address or residence is not necessarily the same as their domicile and citizenship. By not including any other allegations or evidence to establish his and Burgess' respective domicile, DiPietro failed to meet his burden to establish complete diversity. *Cf.* Cantellops v. Alvaro-Chapel, 234 F.3d 741, 743 (1st Cir. 2000) (noting that although the complaint only used the term resident rather citizen or domiciliary, plaintiff provided additional facts to establish her citizenship); *see also* Hinton v. Bangs, 2008 WL 8889883, at *1 (E.D. Va. 2008)(dismissing a case where the complaint provides an address for the defendant and the residence of the plaintiff but is silent as to either party's citizenship); Kersey v. Becton Dickinson & Co., 2016 WL 4492867, at *2 (D. Mass. 2016) (finding that providing a party's mailing address is insufficient to allege their citizenship and thus the court cannot determine whether there is complete diversity). Consequently, the Court cannot ascertain Burgess, DiPietro, or 54 Luisa's citizenship regardless of whether the latter's citizenship should be disregarded as a nominal party.[2] The Court must therefore remand the present case for lack of diversity jurisdiction.

---

[2] It is also worth noting that DiPietro concedes, and the Court concurs, that there is no binding precedent, nor persuasive case law from this District, regarding whether a limited liability company can be deemed a nominal party in a dissolution proceeding. (Docket No. 1 ¶ 12).

## IV. CONCLUSION

In light of the above, the Court **GRANTS** Plaintiff's *Motion to Remand* at Docket No. 10 and **ORDERS** that the case be remanded to the Puerto Rico Court of First Instance, San Juan Superior Part, case caption and number: <u>Keith Burgess v. Richard DiPietro, 54 Luisa, LLC</u>, Civil Núm. SJ2024CV03287.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 16th day of September 2024.

                                    S/ RAÚL M. ARIAS-MARXUACH
                                    United States District Judge